NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12494

COMMONWEALTH  vs.  TERRY LYNN OWENS.


November 7, 2018.


Search and Seizure, Exigent circumstances, Securing of premises.
     Constitutional Law, Search and seizure.  Practice,
     Criminal, Motion to suppress.  Controlled Substances.


     The Commonwealth appeals from an order allowing Terry Lynn Owens's motion to suppress evidence discovered when police officers "froze" a house while they obtained a warrant.  In a divided opinion, the Appeals Court reversed, concluding that the police officers' actions were justified to prevent the removal or destruction of evidence.  Commonwealth v. Owens, 92 Mass. App. Ct. 193, 199 (2017).  A dissenting Justice opined that the evidence presented at the suppression hearing did not establish that the officers had "specific information supporting an objectively reasonable belief that evidence will indeed be removed or destroyed unless preventative measures are taken." Id. at 203-204 (Henry, J., dissenting), quoting Commonwealth v. DeJesus, 439 Mass. 616, 621 (2003).  We allowed the defendant's application for further appellate review and now affirm the suppression order for essentially the reasons given by the dissenting Justice.

     Facts.  We summarize the motion judge's findings, which are more fully set forth in the Appeals Court's opinion.  Owens, 92 Mass. App. Ct. at 194-196.  A team of Boston police officers believed, based on specific facts known to them, that a particular house in the Roxbury section of Boston was being used for prostitution.  The building was at least a two-family dwelling, and the owner, Farhad Ahmed, lived in an apartment on the first floor.  The police officers were informed that a woman known as "Cinnamon" worked there as a prostitute.  One of the

officers, posing as a prospective customer, made contact with Cinnamon, who, in a series of communications, described the services she offered, arranged to meet him, and gave him the address of the house. The officer arrived at the house and entered. Ahmed was present in the first-floor common hallway. The police officer was aware that Ahmed rented out one or more of the rooms on the second floor for twenty dollars per two hours. The motion judge expressly rejected any finding that alcohol or drugs were being sold on the premises or that the police officers had probable cause to believe that they were.

Cinnamon asked the officer for twenty dollars. On the pretext of getting his wallet from his motor vehicle, the officer opened the door and signaled other police officers to enter. They arrested Cinnamon and Ahmed. Because the officers had seen other people enter the house and because they believed that a search warrant would be sought, they decided to "freeze" the house, meaning to remove all occupants from it. One officer, hearing a noise from the second floor, ascended the stairs. In a second-floor room, he found the defendant, who was sitting in front of a black plate on which there was a white powder and holding a pipe of a type used to smoke "crack" cocaine. The substance and related items were seized later, when a search warrant was obtained and executed.[1]

Discussion. The Commonwealth argues that the suppression order was improper because, among other reasons, the police officers were justified in conducting a warrantless search of the house, including the second floor, to prevent the loss or destruction of evidence.[2] The motion judge properly found otherwise.

_____

[1] Neither the warrant nor the application was put in evidence at the suppression hearing.

[2] The Appeals Court unanimously rejected the Commonwealth's arguments that the defendant had no reasonable expectation of privacy in the second-floor room and that a protective sweep of the house was warranted for officer safety. See Commonwealth v. Owens, 92 Mass. App. Ct. 193, 197-199 (2017); id. at 202-203 (Henry, J., dissenting). As to the defendant's expectation of privacy, the Appeals Court concluded that he was lawfully on the premises (regardless of the legality of the activity in which he was engaged therein) and that it was reasonable to infer that the room had been paid for and the door closed to protect the occupants' privacy. Id. at 197-198. As to officer safety, the Appeals Court upheld the motion judge's finding that there was

"[T]here is a fundamental difference between securing or controlling the perimeter of a dwelling from the outside and the entry and physical surveillance of a dwelling from the inside. . . . [P]olice officers who secure a dwelling while a warrant is being sought in order to prevent destruction or removal of evidence may not enter that dwelling, in the absence of specific information supporting an objectively reasonable belief that evidence will indeed be removed or destroyed unless preventative measures are taken." DeJesus, 439 Mass. at 621. The record here does not satisfy this standard. At the time the police officers decided to freeze the house, they knew only that the house was being used for prostitution and that there were other people in the house, including on the second floor. However, there was a dearth of testimony supporting a reasonable belief that the house contained physical evidence that was at risk of loss or destruction. The judge specifically found that the police lacked a reasonable basis to believe that Ahmed, the owner of the house, supplied drugs or alcohol, and there was no testimony that any drugs or alcohol was seen in the house before the police decided to freeze it. There was some testimony, implicitly credited by the judge, that Ahmed was believed to supply condoms, but no testimony that any condoms were actually seen in the house. The police officers did not identify any other physical evidence (of prostitution or of any other offense) in the house. To the extent that the existence of physical evidence might be inferred from the fact that prostitution was taking place in the house, the record does not support any objective basis to believe that such evidence was "susceptible to destruction or removal," particularly where no evidence suggests that the second-floor occupants were aware of the police presence. See Commonwealth v. Tyree, 455 Mass. 676, 686 (2010), quoting Commonwealth v. Cataldo, 69 Mass. App. Ct. 465, 474 (2007).

Moreover, as the dissenting Justice observed, "[t]he police in this case were at a loss during the suppression hearing to

no reasonable basis to believe that any person present in the house posed a danger to the police or to others, where "[t]here was no evidence that the prostitution business reportedly conducted at the house or by Ahmed in the past included acts of violence" and there was no "testimony reflecting specific concerns about violence here." Id. at 199. Moreover, the Commonwealth expressly declined to press the issue of officer safety at oral argument before us. We agree with the Appeals Court's reasoning and result as to both of these issues.

articulate specific evidence or information that led them to act. Instead, the generic explanations, offered in relation to why they were clearing the rooms, were 'to make sure that . . . nothing is moved, no evidence, nothing is taken out'; and 'to prevent anybody from going [back] in and destroying evidence or whatever.'" Owens, 92 Mass. App. Ct. at 206 (Henry, J., dissenting). These generic explanations -- the only references in the testimony to the possible loss or destruction of evidence -- do not amount to "specific information supporting an objectively reasonable belief that evidence will indeed be removed or destroyed," as required by DeJesus, 439 Mass. at 621 (emphasis added). Of course, the potential loss or destruction of evidence can constitute an exigent circumstance justifying a warrantless entry and search, see id. at 620, but only if the Commonwealth proves that the officers' belief was objectively reasonable and supported by specific information. On the record before us, there was an insufficient basis to believe that evidence would be lost or destroyed. The motion to suppress was properly allowed.

Order allowing motion to
suppress affirmed.

Edward C. Gauthier, IV, for the defendant.
Cailin M. Campbell, Assistant District Attorney, for the Commonwealth.